IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


LARRY PEREA,

        Petitioner,

v.                                                                   CIV 10-1135 JP/KBM

TIMOTHY HATCH, Warden, *et al.*,

        Respondents.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

      THIS MATTER is before the Court on Larry Perea's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *E.g., AbdulKabir v. Quarterman,* 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons,* 531 F.3d 1306, 1319 (10th Cir. 2008), *cert. denied,* 129 S. Ct. 2058 (2009). All of the issues can be resolved on the record before me and, therefore, an evidentiary hearing is unnecessary. *E.g., Schriro v. Landrigan,* 550 U.S. 465, 475 (2007); *Sandoval v. Ulibarri,* 548 F.3d 902, 915-16 (10th Cir. 2008), *cert. denied,* 130 S. Ct. 133 (2009); Rule 8(a), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

      Petitioner is serving a nine-year sentence for trafficking cocaine. He pleaded guilty to the charge and to being a habitual offender, but reserved the right to appeal the trial judge's

denial of his motion to suppress. *See e.g., State v. Perea,* 2010 WL 4161011 at * 1 (N.M. App.), *cert. denied,* 148 N.M. 583, 241 P.3d 181 (N.M. 2010); *Doc. 11-1* at 1-10, 30. Petitioner's sole ground for habeas relief is that a "pretextual traffic stop violates the Fourth Amendment of the United States Constitution." *Doc. 1* at 4.

I recommend that the federal petition be denied. It is well-settled that federal habeas court cannot grant relief on a Fourth Amendment claim if the State "provided an opportunity for a full and fair litigation" of that claim "at trial and on direct review." *Stone v. Powell,* 428 U.S. 465, 482, 494 n.37 (1976). That opportunity was afforded here.

Petitioner was represented by counsel at the trial level and throughout direct appeal. His trial attorney filed a motion to suppress arguing that the officers' stop was pretextual and illegal "under both the Federal and State constitutions." *Doc. 11-1* at 2. The trial judge denied relief after a hearing. *See, e.g., id.* at 5-7 (petition for writ of certiorari describing information officers received and their actions, and procedural background as "[a] hearing commenced and the district court heard the above-mentioned facts"); *Perea,* 2010 WL at *1 (New Mexico Court of Appeals stating: "We briefly review the testimony introduced at the suppression hearing"). On direct appeal, trial counsel made the identical legal argument in his docketing statement. *See id.* at 33. In opposition to the proposed summary affirmance, Petitioner's appellate public defender cited federal and state decisions in support of the argument that the stop was pretextual and not supported by reasonable suspicion. *See, e.g., id.* at 55, 58.

New Mexico Court of Appeals denied relief because it found as a matter of fact that the stop was not based on a pretextual "traffic violation" reason. "[E]ven though Officer Miller had reason to believe that a traffic offense occurred, the stop was executed to pursue a more serious investigative agenda. Officer Miller testified that he stopped the van to pursue an investigation,

or to assist in the investigation, of possible drug trafficking." *Perea,* 2010 WL at * 2 (internal quotation and citation omitted). It also held that the stop was justified as a matter of law because information from a confidential informant relayed from one officer to another "was sufficiently reliable to warrant . . . reasonable suspicion that a drug crime was being or about to be committed." *Id.* (same). Specifically, the confidential tipster identified "the make and model of the car involved in the alleged narcotics buy . . . the location of the drug buy . . . the driver of the van . . . [who] the van was registered to," and an officer "corroborated that tip" by "follow[ing] the car to the specified location and [running] a license check to determine that the van was indeed registered to [the person named by the informant]." *Id.*

Thus, there is no question that Petitioner was afforded the opportunity to raise his Fourth Amendment arguments in the state courts, or that the New Mexico Court of Appeals considered and denied the claim on the merits. That the New Mexico Court of Appeals cited state cases in support of its legal conclusions is of no moment because it is it clear from the court's discussion of the law and its reasoning that it applied the correct constitutional Fourth Amendment standards.[1] Moreover, the state decisions it cited themselves either directly cite federal Fourth

---

[1] *See e.g., Matthews v. Workman,* 577 F3d 1175, 1194 (10th Cir. 2009) ("we held it sufficient that petitioner's trial counsel informed the trial court of the factual basis for a Fourth Amendment claim, appellate counsel presented the issue to the state appellate court on direct appeal, and the state courts thoughtfully considered the facts underlying petitioner's Fourth Amendment claim' but rejected it on the merits by applying appropriate Supreme Court precedents.") (internal quotation and citation omitted), *cert. denied,* 130 S. Ct. 1900 (2010); *Gamble v. State of Oklahoma,* 583 F.2d 1161, 1165 (10th Cir. 1978) ("'Opportunity for full and fair consideration' includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim . . . the full and fair evidentiary hearing contemplated by Townsend . . . recognition and at least colorable application of the correct Fourth Amendment constitutional standards. . . . [But,] [d]eference to state court consideration of Fourth Amendment claims does not require federal blindness to a state court's wilful refusal to apply the appropriate constitutional standard."); *Sanchez v. Ulibarri,* 308 Fed. App'x 280, 283-84 (10th Cir. 2009) ("The determinative question, however, is not whether the [New Mexico] court of appeals referenced a particular case, but whether it recognized and made "at least [a] colorable application of the correct Fourth Amendment constitutional standards." *See Gamble* . . . . And on this score, it is beyond dispute

Amendment decisions concerning tipsters and reasonable suspicion, or cite other state decisions that in turn incorporate the same. *See id.*; *see also State v. Ochoa,* 143 N.M. 749, 754-55, 182 P.3d 130, 135-36 (N.M. 2008); *State v. Pallor,* 122 N.M. 232, 235-36, 923 P.2d 599, 602-03 (N.M. App.), *cert. denied,* 122 N.M. 112, 921 P.2d 308 (N.M. 1996). As such, Petitioner's sole basis for relief is not cognizable in federal habeas corpus.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2254 petition be dismissed.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

---

that the state court correctly identified and at least applied in a colorable fashion the federal mandate" concerning applicable Fourth Amendment standards); *compare Herrera v. LeMaster,* 225 F.3d 1176, 1178 (10th Cir. 2000) (because the "New Mexico Supreme Court failed to apply the *Chapman* standard in assessing the harmlessness of the Fourth Amendment violation it found, we are persuaded petitioner did not receive full and fair consideration of his claim"), *on rehearing en banc,* 301 F.3d 1192 (10th Cir. 2002), *cert. denied,* 537 U.S. 1197 (2003).